*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SARA KATHRYN MICHALAK,

        Plaintiff-Appellant,

v

GARY LEE MICHALAK,

        Defendant-Appellee.

UNPUBLISHED
July 08, 2025
1:21 PM

No. 368110
Midland Circuit Court
LC No. 08-003230-DM

Before: O'BRIEN, P.J., and M. J. KELLY and KOROBKIN, JJ.

PER CURIAM.

Plaintiff appeals the trial court's order denying her objection to the recommendation of the Friend of the Court (FOC).[1] We affirm.

The facts underlying this divorce action are largely irrelevant—the issues that plaintiff raises on appeal concern how to properly calculate filing deadlines. At issue is an FOC recommendation that was mailed on June 16, 2023. On July 10, 2023, plaintiff faxed the trial court an objection to this recommendation. At an August 11, 2023 hearing, the trial court ruled that plaintiff's objection was untimely and accordingly declined to consider it.

On appeal, plaintiff contends that the trial court erred when it determined that her objection was untimely. We disagree.

---

[1] Plaintiff claimed this appeal as of right, but the order she is appealing was not a "final judgment" or "final order" as defined by MCR 7.202(6)(a), so this Court does not have jurisdiction over plaintiff's appeal as of right under MCR 7.203(A) (defining appeals as of right). In certain circumstances in the past, when a party improperly appeals an order as of right, this Court has exercised its discretion to consider the appeal as an application for leave to appeal, granted the application, and considered the merits of the issue raised in the newly-granted application. See *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012). In the interests of judicial economy, we exercise our discretion to do so here.

MCL 552.507(4) requires a trial court to hold a de novo hearing on a matter that was heard by a referee if a party objects to the referee's recommendation "within 21 days after the recommendation is made available to that party." The statute does not define "made available," but that gap is filled in by our court rules. MCR 3.215 is the court rule governing "Domestic Relations Referees," and Subsection (E) outlines posthearing procedures. MCR 3.215(E)(1)(c) states that if the court approves the referee's recommendation, a party's objection to the approved recommendation must be "filed with the court clerk within 21 days after service." MCR 3.203 governs service in domestic relations cases, and Subsection (A)(2) states that court documents "must be served as provided in MCR 2.107" unless otherwise specified. No exception applies to a referee's recommendation, so the general rules of service in MCR 2.107 apply. Critical to the resolution of this case, MCR 2.107(C)(3) states, "Service by mail is complete at the time of mailing."

Consistent with these rules, the FOC recommendation issued in this case stated that a party must file any objection to the recommendation "within 21 days from the date this order is mailed." The FOC recommendation's certificate of mailing shows that it was mailed on June 16, 2023. This gave plaintiff until July 7, 2023, to file her objection.[2] Consequently, plaintiff's objection—which was, at the earliest, filed on July 10, 2023—was untimely. And because plaintiff's objection was untimely, the trial court did not err by refusing to hold a de novo hearing.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly
/s/ Daniel S. Korobkin

---

[2] Plaintiff contends that her objection was due on July 10, 2023, because MCR 1.108(1) states, "The day of the act, event, or default after which the designated period begins to run is not included," but this simply means that the day after the FOC's recommendation was mailed was the first day that counted towards the 21 days that plaintiff had to file her objection. Counting 21 days from when the recommendation was mailed on June 16, 2023—with June 17, 2023 counting as "day 1"—plaintiff's objection was due by July 7, 2023.